```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                      **CRIMINAL ACTION NO. 2:15-00098**

**MICHAEL ANDREW RUDE**


### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On May 23, 2019, the United States of America appeared by Ryan Saunders, Assistant United States Attorney, and the defendant, Michael Andrew Rude, appeared in person and by his counsel, Louie Thompson Price, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer Lilla Atkins. The defendant commenced a three-year term of supervised release in this action on August 15, 2016, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on October 9, 2015.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) aside from the defendant's use of illicit controlled substances as set forth in the petition in the year 2017, the defendant tested positive for the use of morphine without a prescription on December 17, 2018, morphine and cocaine on December 26, 2018, opiates and cocaine on January 17, 2019, and admitted use of heroin for the three weeks prior to February 28, 2019 and Fentanyl on March 20, 2019; (2) the defendant left his employment on or about February 7, 2019 without notifying the probation officer; and (3) the defendant failed to engage in substance abuse counseling and the intensive outpatient group program assigned to him as set forth in the petition and further that he participated in the detoxification program prescribed to him for only four days of the seven day program in February 2019, and thereafter participated in Recovery Point's nine to twelve month program for only three days after entering on March 1, 2019; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **FOUR (4) MONTHS**, to be followed by a term of thirty-two (32) months of supervised release upon the same terms and conditions as heretofore and the special condition that he participate in the twenty-eight day program at Prestera, followed by a six month residential program to be determined by the probation officer, where he shall follow the rules and regulations of the facility for each program and successfully complete the program and participate in substance abuse counseling and treatment as

directed by the programs and the probation officer, and that he submit to frequent, random urine screens as directed by the probation officer. The defendant shall travel directly from his place of incarceration, without interruption, to the Prestera program, and from there directly to the six-month program. It is understood that the defendant's mother is available to transport him.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: May 24, 2019

John T. Copenhaver, Jr.
Senior United States District Judge